PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BUZULENCIA, Trustee of the Bankruptcy Estate of James R. Grope III, | ) ) ) | CASE NO.  4:11CV2293 |
| Plaintiff, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| THE OHIO BELL TELEPHONE COMPANY, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 38] |

On May 1, 2013, the Court granted Plaintiff's Motion to Reopen and Substitute Michael

Buzulencia, Trustee as Plaintiff.  *See* Order (ECF No. 35).  On May 29, 2013, Defendant filed a

Rule 59(e) Motion for Reconsideration or, in the Alternative, for Certification and Stay to File

Interlocutory Appeal (ECF No. 38).

After notice to the parties, the Court held a hearing on the record.  *See* Transcript of

Proceedings (ECF No. 45).  The Court has been advised, having reviewed the parties' briefs and

evidentiary submissions, and the applicable law.  The Court has also considered the oral

arguments of counsel, the testimony of Plaintiff Michael D. Buzulencia, Trustee of the

Bankruptcy Estate, and James R. Grope, III, as well as the entire record in this matter, and being

otherwise advised in the premises, herein grants the motion for reconsideration, but adheres to its

prior ruling, and denies the alternative request for certification and stay.

(4:11CV2293)

## I.

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment.  *See Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).  It permits district courts to amend judgments where there is:  "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment."  *Howard*, 533 F.3d at 475.  *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988).  Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"  *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374).  The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.  *Huff*, 675 F.2d at 122; 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.).

In the recently decided case of *Stephenson v. Malloy*, 700 F. 3d 265 (6th Cir. 2012), the Court of Appeals for the Sixth Circuit expressly held that the doctrine of judicial estoppel does not apply to the bankruptcy trustee.  *Id.* at 271-72.  Defendant argues that this case is outside of

2

(4:11CV2293)

the *Stephenson* ruling because Grope executed an exemption in his bankruptcy case[1] that limits

the amount of damages[2] flowing to creditors.  In making this argument, Defendant contends that

the value of the exemption exceeds the value of the case at bar.  *See* ECF No. 41 at PageID #:

412-13; ECF No. 47 at PageID #: 508.  The Court disagrees.

The bankruptcy trustee becomes the real party in interest when the bankruptcy is filed.

*Stephenson*, 700 F. 3d at 272.  The trustee has authority, as the representative of the estate, to

commence and prosecute any action or proceeding on behalf of the estate with or without court

approval under 11 U.S.C. § 323(a) and Fed. Bankr.R.P. 6009.  *See In re McKenzie*, No. 08-

16378, 2011 WL 3439081, at *10 (Bkrtcy. E.D. Tenn. August 5, 2011) (citing *Hays and Co. v.

Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1154 n. 6 (3d Cir. 1989)).  In

*Stephenson*, the Sixth Circuit clearly ruled that, absent some wrong doing by the trustee, judicial

---

[1]  On December 30, 2009, Grope filed a voluntary petition for relief in a case under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Ohio, being Case No. 09-44845-kw.  The exemption taken pursuant to Ohio Revised Code § 2329.66(A)(13)) is set forth in Schedule C of the Amended Schedule (ECF No. 29 at Page 4 in Bankruptcy Case No. 09-44845-kw).

[2]  Assuming there is a monetary settlement resulting from this lawsuit, Defendant argues there probably will be no funds left over for distribution to the general unsecured creditors, and Plaintiff will have pursued the claims for Grope's benefit only.  ECF No. 41 at PageID #: 412-13; ECF No. 47 at PageID #: 508.  Plaintiff's counsel made a point of establishing that the exemption taken only protects from creditors a percentage of wage-related damages, leaving others, such as liquidated, punitive and compensatory damages and attorney's fee, if any are achieved, free of the exemption.  ECF No. 45 at PageID #: 465-66, 472-77, 493; ECF No. 46 at PageID #: 501.  Moreover, the trustee has pledged to seek to adjust downward the amount exempted.  ECF No. 45 at PageID #: 448.

3

(4:11CV2293)

estoppel[3] does not apply to a bankruptcy trustee.  700 F. 3d at 272.  The *Stephenson* Court

explained that, "[e]ven if the trustee were deemed to stand in [the debtor's] shoes for judicial-

estoppel purposes, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472 (6th Cir. 2010)]

would not dictate dismissal of this case."  *Id.*  In *Stephenson*, the Court applied the three-prong

test,[4] as expanded in *White,* and concluded by finding there had been no bad faith and, therefore,

the omission of the asset was inadvertent.

### Expanded Three Prong Test

The Court applies the expanded three-prong test to the case at bar.  First, it is undisputed

that Grope's prior position is contrary to the trustee's current position.  Second, the bankruptcy

court adopted the contrary position either as a preliminary matter or as part of a final disposition.

These findings are not, however, as problematic as they might first appear.

---

[3] "Estoppel that prevents a party from contradicting previous declarations made during the same or an earlier proceeding if the change in position would adversely affect the proceeding or constitute a fraud on the court.  Also termed *doctrine of preclusion of inconsistent positions; doctrine of the conclusiveness of the judgment.*"  Black's Law Dictionary (9th ed. 2009) (emphasis in original).

[4] A three-prong test has been adopted in this circuit for judicial estoppel in the bankruptcy context.  *See Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002). Recently, in *White*, the Circuit added a bad-faith inquiry to the inadvertence prong of *Browning*'s judicial estoppel test.  Under the expanded test, judicial estoppel bars a party from (1) asserting a position that is contrary to one he asserted under oath in the bankruptcy proceeding; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the party's conduct was not inadvertent. To determine whether the debtor's conduct resulted from mistake or inadvertence, this court considers whether:  (a) he lacked knowledge of the factual basis of the undisclosed claims; (b) he had a motive for concealment; and (c) the evidence indicates an absence of bad faith.  *Stephenson*, 700 F. 3d at 273 (citing *White*, 617 F.3d at 478).

4

(4:11CV2293)

Regarding the third prong – mistake or inadvertence, the Court finds that Grope did not omit an existing asset when he initially filed his bankruptcy petition.[5]  This finding requires an explanation.

## A.  Lack of Knowledge

In February 2010, Plaintiff filed his Chapter 7 Trustee's Report of No Distribution (ECF No. 11 in Bankruptcy Case No. 09-44845-kw), in which he reported:

> that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. **Meeting of creditors held and concluded.** Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned(without deducting any secured claims): $ 51900.00, Assets Exempt: $ 41810.00, Claims Scheduled: $ 174378.59, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): $ 174378.59.

Docket Entry dated February 25, 2010 (emphasis in original).  Later, the bankruptcy court issued a Discharge of Debtor in a Chapter 7 Case.  *See* ECF No. 12 in Bankruptcy Case No.

---

[5]  Upon considering the Affidavit of Grope (ECF No. 28-1) at PageID #: 253-55, the Court previously found that Grope did not hide his claims against Defendant from the Bankruptcy Court and Trustee.  The Court stated that while Grope filed his Chapter 7 Voluntary Petition on December 30, 2009, he did not consult with an attorney regarding possibly filing a lawsuit against Defendant until May 2011.  *See* Order (ECF No. 35) at PageID #: 367.  To the extent it appears differently in the Court's prior ruling, the Court clarifies that Grope's failure to disclose the asset this lawsuit represents is not excused because he had not yet consulted with counsel about the instant employment related lawsuit, but because no asset then existed.  More on this in the discussion of inadvertence below.

(4:11CV2293)

09-44845-kw.  In September 2011, Grope filed the instant case.  Later, on June 15, 2012, the bankruptcy case was reopened.  *See* ECF No. 16 in Bankruptcy Case No. 09-44845-kw.  On July 3, 2012, August 1, 2012, and August 6, 2012, Grope amended his bankruptcy schedules to identify the case at bar as a potential asset of the bankruptcy estate.  *See* ECF Nos. 22, 27 and 29 in Bankruptcy Case No. 09-44845-kw.

At the time Grope filed his Chapter 7 Voluntary Petition (ECF No. 1 in Bankruptcy Case No. 09-44845-kw 3), he had not filed a lawsuit, only a union grievance was pending.  During the hearing on reconsideration, Grope testified that he had no claim when he initiated the bankruptcy action; he simply wanted his job back.  ECF No. 45 at PageID #: 481.  He did not consult an attorney about the case at bar until almost a year and a half after his bankruptcy petition had been filed.  *Id.* at PageID #: 486-87; ECF No. 28-1 at PageID #: 253-55.  The Court finds Grope's testimony credible.  Furthermore, because Grope's employment law counsel has confirmed that he did not communicate with Bankruptcy counsel, ECF No. 45 at PageID #: 477, there is no basis in the record to find, as Defendant argues, that the underlying claim existed or, even if it did, that Grope was aware of its existence at the time he filed his bankruptcy petition.  An individual filing for bankruptcy is not bound to disclose a claim when he is unaware of its existence.  *See Jackson v. Novastar Mortgage, Inc.*, 645 F. Supp.2d 636, 643-44 (W.D. Tenn. 2007) (undisclosed claims that "may not be recognizable to lay persons" are not barred by judicial estoppel).

6

(4:11CV2293)

**B. Motive**

As Defendant articulates, the duty to disclose is a continuing one (ECF No. 38 at PageID #: 380) and, while Grope may have had a motive to conceal the underlying lawsuit, he did, eventually, disclose it and the bankruptcy case and the instant matter have been reopened. The trustee, the real person in interest in both matters, is fully informed of the stakes in both cases. Defendant's arguments to the contrary are without merit.[6]

**C. Bad Faith**

Finally, the Court considers the evidence of bad faith in determining whether judicial estoppel should apply in the case at bar. Defendant makes much about the fact that the trustee did not object to the current exemption (ECF No. 29 at Page 4 in Bankruptcy Case No.

---

[6] Defendant's arguments overlook the benefit Grope's creditors may realize if Defendant is found to have terminated Grope illegally and be required to pay damages or re-employ him. While it is true that in the Sixth Circuit, recovery by creditors has not been of paramount concern in judicial-estoppel cases, *see White*, 617 F.3d at 482 n. 10 (rejecting dissent's argument that the case should be allowed to continue for creditors' benefit and observing that "this court has previously applied judicial estoppel in similar circumstances, even though the result prevented recovery by bankruptcy creditors" (citing *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420, 420-27 (6th Cir. 2005))), several courts have found it significant that this rule ultimately protects creditors. *See Reed v. City of Arlington*, 650 F.3d 571, 574 (6th Cir. 2011) ("[J]udicial estoppel must be applied in such a way as to deter dishonest debtors . . . while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate."); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application."). *Stephenson*, 700 F. 3d at 272 n. 7. Any proceeds, other than the percentage of wages exempted, resulting from this lawsuit would go towards paying creditors. This makes it more likely that Grope's creditors will receive a greater distribution than they have to date, even when the wage exemption is considered.

7

(4:11CV2293)

09-44845-kw).[7]  Defendant seems to believe the trustee has irrevocably waived any right to

object to the exemption.  *See* ECF No. 41 at PageID #: 412 n. 1; ECF No. 47 at PageID #: 505-

506.  The Court accepts the following explanation of the trustee for not objecting:

> Subsequently, the schedules of the debtors' petition were amended to add this as an asset of the case, the wrongful termination claim, and to claim an exemption on the proceeds or some of the proceeds that could be recovered from this claim.
>
> Subsequently, I had a conversation with debtors' counsel to indicate "That exemption is not appropriate, it's wrong, I am going to object to it and we'll go from there."
>
> Subsequently then, he amended that exemption.  And I believe you've cited [*Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992)] in your brief.  I believe it was originally unknown and unknown.
>
> And there's a Supreme Court case that says if it's listed as unknown and unknown, then that exemption goes through, regardless of the validity or not.  That case has been repudiated a little bit by the Supreme Court in the case of [*Schwab v. Reilly*, 130 S.Ct. 2652 (2010)].  And we're not sure to the extent that's good law in the bankruptcy field.
>
> But anyways, he -- I requested he amend the exemption.  He did amend it to put in there ["Maximum Allowable by Claim"], which to me -- and I had discussions with him -- to me means if the law does not allow the exemption, there is no exemption; if the law allows a partial exemption, there is an exemption.
>
> Basically, we -- rather than me objecting, having the court hear it, the bankruptcy court, that is, hear it, when there may or may not be assets to recover, we kind of -- we agreed, file that, we'll do a motion to value it at some later point, or try to reach an agreement as to what, if any, that exemption would be.
>
> *   *   *
>
> THE COURT:  Let me ask a question, just for clarification.  You are, by far, more of a bankruptcy procedure and rule expert than I am.  But when you say you'd go to court and have your day in court, and I asked you to clarify which court and you said bankruptcy court, given that 30 days has expired and you did

---

[7]  Defendants also complain that the reopening of the bankruptcy case only after Defendant had filed a dispositive motion is indicative of bad faith.  The Court disagrees.  While matters could have been handled more expeditiously, when the timing of the reopening is considered along with all the facts in the record, it is significantly less damning.

8

(4:11CV2293)

> not object, on what grounds would you go to court to have your day in court to seek some proceeds from anything that may result from the lawsuit against Ohio Bell?
>
> THE WITNESS:  We would file a motion, and I think it would probably be a joint motion between the parties, to value that exemption.  Because we have agreed that maybe the exemption is valid, maybe it's not, maybe in part, maybe in full.
>
> But it needs to be dealt with at some point.  And there was no reason, inasmuch as there were not any funds available, or there may never be funds available to deal with it at that point.

ECF No. 45 at PageID #: 435-38.  This testimony harkens to a passage from an essay— Hon. Mark W. Bennett, *Essay:  From the "No Spittin', No Cussin' and No Summary Judgment" Days of Employment Discrimination Litigation to the "Defendant's Summary Judgment Affirmed Without Comment" Days:  One Judge's Four-Decade Perspective*, 57 N.Y.L. Sch. L. Rev. 685 (2012-2013):

> . . . Opposing counsel in the halcyon days actually spent time talking to each other to help move the case along.  This kept costs down because fewer matters needed to be dealt with formally.  Many agreements between opposing counsel were consummated with a simple handshake, rarely requiring a confirming letter. . . .  A lawyer's word was her bond; no need for endless confirming letters or today's twenty-four-hour e-mails. . . .

*Id.* at 689-90.  The trustee and Debtors' counsel have an informal agreement to resolve at a later date the issue of the exemption (taken pursuant to Ohio Revised Code § 2329.66(A)(13)) set forth in Schedule C of the Amended Schedule (ECF No. 29 at Page 4 in Bankruptcy Case No. 09-44845-kw).  If they cannot resolve it amongst themselves, they will file a joint motion in the bankruptcy court.

The testimony of the trustee at the hearing clearly shows that the creditors of the bankruptcy estate will benefit from the pursuit of the case at bar by the trustee.  Irrefutably,

(4:11CV2293)

Grope has claimed an exemption pursuant to Ohio Revised Code § 2329.66(A)(13), concerning

personal earnings.  This exemption provision protects from creditors his wages for personal

services up to a specified amount, usually 75% of a debtor's "disposable earnings."  Again, this

exemption applies only to wage claims.  If relief is granted pursuant to the Complaint (ECF No.

1-1), in addition to wages for back pay, compensation will be awarded for compensatory

damages for emotional distress, pain and suffering, liquidated damages under the FMLA,

punitive damages and attorney's fees and costs.  Plaintiff's Hearing Exhibit 1.  The damages

other than the exempted wages will all inure to the benefit of the bankruptcy estate.  ECF No. 46

at PageID #: 501.  Based on the record before it, the Court finds that neither Grope nor the trustee

have acted in bad faith.

**D.  Prejudice to Defendant**

        The Court also concludes there is no prejudice to Defendant as a result of the position

formerly taken by Grope.  Judicial estoppel is an equitable remedy that may be applied in

appropriate cases to avoid injustice.  The Court finds that Defendant has not been prejudiced by

the substitution of parties.  Defendant has not shown a detriment to it by letting this case go

forward, other than it does not get a free pass.  To the extent that Plaintiff can prove Defendant

discharged Grope in violation of his rights pursuant to the Family and Medical Leave Act and the

Ohio law against disability discrimination, it is entirely proper that Defendant be held

accountable for its acts.  An employer should not be rewarded with the dismissal of an

employment discrimination case where its wrongful discharge of an employee may have

contributed to the employee filing for bankruptcy.  The equities in this case clearly favor

(4:11CV2293)

allowing the substitution of the bankruptcy trustee as party plaintiff.  Therefore, the Court

declines to dismiss Plaintiff's claims on the basis of judicial estoppel.

## II.

In the alternative, Defendant requests that the Court certify an interlocutory appeal under

28 U.S.C. § 1292(b).  The Court may certify an order for interlocutory appeal if:  (1) the question

involved is a question of law; (2) the question is controlling; (3) there is substantial ground for

difference of opinion respecting the correctness of the decision; and (4) an immediate appeal may

materially advance the ultimate termination of the litigation.  *See In re City of Memphis*, 293 F.3d

345, 350 (6th Cir. 2002); *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir.

1974).  "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City*

*of Memphis*, 293 F.3d at 350.  In applying the relevant factors set forth above, the Court finds

that an interlocutory appeal under § 1292(b) is not warranted.  Moreover, § 1292(b) "is not

appropriate for securing early resolution of disputes concerning whether the trial court properly

applied the law to the facts." *Howe v. City of Akron*, 789 F. Supp.2d 786, 810 (N.D. Ohio 2010)

(citing *Link v. Mercedes–Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977)).

## III.

Accordingly, Defendant's Rule 59(e) Motion for Reconsideration is granted in that the

Court has conducted an oral hearing and reconsidered its earlier ruling.  The Court's ruling,

however, remains unchanged.  Defendant's request to dismiss Plaintiff's claims on the basis of

judicial estoppel is denied.  Defendant's Alternative Motion for Certification and Stay to File

Interlocutory Appeal is also denied.  The case management schedule resumes as suggested by the

11

(4:11CV2293)

Parties' Proposed Pre-trial Schedule (ECF No. 36) and adopted by the Court.  *See* Order (ECF

No. 37).


      IT IS SO ORDERED.


 August 9, 2013                                */s/ Benita Y. Pearson*          
Date                                        Benita Y. Pearson
                                        United States District Judge