PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BUZULENCIA, Trustee of the Bankruptcy Estate of James R. Grope III, | ) ) ) | CASE NO. 4:11CV2293 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| THE OHIO BELL TELEPHONE COMPANY, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 59] |

Pending is Defendant's Rule 59(e) Motion for Reconsideration of Court's Summary Judgment Order (ECF No. 59). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.

**I.**

On July 28, 2014, the Court issued its Memorandum of Opinion and Order denying Defendant's Motion for Summary Judgment on the FMLA retaliation and disability discrimination claims. *See* ECF No. 57. The 26-page Order was issued after the Court was

(4:11CV2293)

presented with a full evidentiary record by the parties. In its newly-filed Motion,[1] Defendant improperly seeks to re-litigate its Motion for Summary Judgment.

**II.**

District courts have authority under both common law and Fed. R. Civ. P. 54(b) to reconsider an interlocutory order and to reopen any part of a case before final judgment. As the Court of Appeals for the Sixth Circuit stated in *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949 (6th Cir. 2004):

> The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. Because of this, some circuits have suggested that a district court's power to reconsider an order before final judgment exists under federal common law, not the Federal Rules of Civil Procedure. *See, e.g.*, *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Although we agree that the authority for hearing such motions has a common law basis, we find additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir.1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders).
> District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *See* [*Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)]. This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2)

---

[1] Parties should not be free to relitigate issues a court has already decided. *York v. Lucas County, Ohio*, No. 3:13CV1335, 2014 WL 1051214 (N.D. Ohio March 17, 2014) (Helmick, J.). This is the second time Defendant has filed a motion for reconsideration in the above-entitled action. *See* ECF No. 38. So, the Court detects a disturbing pattern that motions for reconsideration have been filed by Defendant as a matter of routine. "Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (quoting *Jefferson v. Security Pac. Fin. Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995).

(4:11CV2293)

> new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D.Ohio 1998).

*Id.* at 959 (footnote omitted).  *See also Louisville/Jefferson County Metro Government v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 Fed.Appx. at 959).

Although Fed. R. Civ. P. 59(e) refers to judgments, *i.e.* rulings that are appealable, Rule 59(e)'s legal standards are the same as those stated above.  *See FDIC v. Commonwealth Land Title Ins. Co.*, 2013 WL 5215884, at *1 (N.D. Ohio Sept. 13, 2013) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005) ("A court may grant a Rule 59(e) motion to alter or amend if there is:  (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.").

### III.

Defendant asserts that the within motion is filed "to correct clear error and to prevent manifest injustice."  ECF No. 59 at PageID #: 1201.  The motion presents two (2) arguments regarding the knowledge and motives of the decision-maker and others involved in the decision to terminate James R. Grope III's employment in 2009.  First, Defendant asserts that the Court erred in finding Adam Menough, the decision-maker, had the requisite knowledge of Grope's FMLA use and migraine condition.  Second, the Court erred in finding an issue of fact as to whether Defendant's reasons for terminating Grope were pretextual, including finding testimony about Menough's reliance on GPS records to be evidence of pretext.  The Court denies the motion because Defendant has not shown a need to correct clear error or that it is necessary for the Court to reconsider the summary judgment decision in order to prevent manifest injustice.

(4:11CV2293)

### A.

The Court previously found a factual dispute exists as to whether Menough had knowledge of Grope's disability. ECF No. 57 at PageID #: 1178-79. Defendant argues that "the Court erred in finding there was 'conflicting [admissible] evidence' as to Menough's knowledge of Grope's use of FMLA leave and his migraine condition" that requires a jury's resolution. ECF No. 59-1 at PageID #: 1206. According to Defendant, "[a]s there is no non-speculative evidence that calls into question Menough's unequivocal denial that he was aware Grope had migraines and used FMLA leave, the Court erred in finding there is a genuine issue of material facts as to Menough's knowledge." ECF No. 59-1 at PageID #: 1207-1208. The Court adheres to its prior finding.

That Grope claims that he probably told Menough about the disability is enough to establish that he did, when that fact is taken in a light most favorable to Plaintiff. In addition, Grope testified that Menough's bosses had told him to "go after" Grope. Grope testified:

> I had known Adam [Menough] previously when he was a first line manager. When he came back to Youngstown as a second level, him and I spoke. He actually brought it to my attention, he says, What's this, you know, I'm being told to go after you, what's that all about? I thought you were a good tech. I've always liked you and your dad. What's the problem?

ECF No. 53-2 at PageID #: 663, Page 390.

### B.

The Court also finds Defendant's second argument for reconsideration unpersuasive. The Court previously found an issue of fact as to whether Defendant's reasons for terminating Grope were pretextual. ECF No. 57 at PageID #: 1179; 1186; 1188-89. Grope points to an e-mail, dated February 18, 2004 from Todd Wichert, a former supervisor, which complained about

4

(4:11CV2293)

Grope's absences from work.  ECF No. 53-2 at PageID #: 876.  The email, sent to two other supervisors (Pat Papania and Nick Mamone), expressed the view that Grope did not belong at the company and suggested that the three individuals should try to find a way to terminate his employment.  In the email, Wichert stated:  "There is no logical explanation for this kid having a position with SBC. . . .  This kid has taken up enough of my time, I have been 'Cutting the Cards', its time to take the next step.  We can't do anything about FMLA or Workman's Comp (still waiting for the verdict on the latest disability) let's skip a step and help out our [shareholders]."  The overall timbre of this excerpt insinuates that Wichert had cut Grope a fair amount of slack over the years and that he was tired of doing so.  While the statement that they could not punish Grope for using FMLA does not necessarily suggest discriminatory animus, the suggestion to "skip a step" in the following sentence, however, suggests that these individuals find some nefarious reason to support the termination of Grope's employment.  When read in a light most favorable to Plaintiff, the email implies that Wichert was searching for a way to have Grope fired for his absences.

Even if the statements do not evince a discriminatory intent on the part of Menough, Defendant may still be liable, "[i]f the comments were made by a person in a position to influence the alleged employment decision . . . unless they are so isolated and ambiguous as to be nonprobative."  *Hopkins v. Elec. Data Sys. Corp.*, 196 F.3d 655, 665 (6th Cir. 1999); *see also Arendale v. City of Memphis*, 519 F.3d 587, 604 n. 13 (6th Cir. 2008) ("When an adverse hiring decision is made by a supervisor who lacks impermissible bias, but that supervisor was influenced by another individual who was motivated by such bias, this Court has held that the employer may be held liable under a rubber stamp or cat's paw theory of liability.") (internal

(4:11CV2293)

quotations omitted); *Taylor v. Donahoe*, --- F.Supp.3d ----, No. 13-2216-STA-dkv, 2014 WL 5798549, at *3-5 (W.D. Tenn. Nov. 7, 2014). An employer may be liable under the cat's paw theory of liability when the decision-maker "acted as the conduit of the supervisor's prejudice." *Romans v. Michigan Dept. of Human Servs.*, 668 F.3d 826, 836 (6th Cir. 2012) (internal brackets omitted).

Here, Grope alleges that people whom were in a position to influence the decision-maker made the problematic statements. Nick Mamone, who Grope alleges was one of the people attempting to retaliate against Grope for his use of FMLA leave, was Menough's boss. ECF No. 53-2 at PageID #: 573, Page 33. At Menough's deposition, the possibility was raised that Mamone ordered the deep dive, which revealed information that, in part, led to Grope's termination. ECF No. 53-3 at Page ID #: 934, Page 66. Whether Mamone actually was able to influence the discharge decision through his actions is material and genuinely in dispute. Accordingly, whether Mamone actually played a part in the termination determination is therefore a jury question.

### IV.

For all of the foregoing reasons, Defendant's Rule 59(e) Motion for Reconsideration of Court's Summary Judgment Order (ECF No. 59) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| December 30, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |